Alfredo Guadagno, et al.
vs. } Eq. No. 12269.
Alfredo Renzi

October 18, 1933.

WALSH, J. Heard on bill, answer, replication and proof.

This is a suit in equity seeking to set aside a certain trust agreement and warranty deed, both dated March 6, 1929, whereby seven lots with build-

ings thereon on Corliss Heights Plat in the City of Providence were transferred to respondent by complainants. Prior to March 6, 1929, the respondent held various mortgages on these premises and had started foreclosure proceedings upon some of them. Disagreements, mainly as to the amounts due on these mortgages, had arisen between the parties. From November, 1928 to March 6, 1929, there were various conferences held by the parties with their attorneys in an endeavor to settle these disagreements and the respondent contends that these disagreements were finally settled and the parties came to a mutual understanding which is set forth in the conveyance and trust agreement of March 6, 1929. The complainants deny that they were present when the alleged disagreements were settled; claim that they have a most limited knowledge of English; that they were led to sign the deed and trust agreement by their attorney who did not read the documents to them before signing nor did he explain the purport of said documents to them; that the amount of alleged indebtedness due respondent from them as set forth in the alleged trust agreement is excessive and unjust; that they desire an accounting of said indebtedness and credits thereon.

The testimony shows that the complainants filed a bill in equity in this Court in November, 1928, wherein the amounts due on mortgages on the real estate mentioned in the present bill and held by respondent as mortgagee were disputed; that after this Court had restrained the respondent from foreclosing certain mortgages as prayed for in that bill, the parties had conferences in an effort to get an amount stated; that these conferences were numerous and finally culminated in the conveyance, and trust agreement mentioned in the present bill of complaint.

We find from the strong preponderance of the testimony that petitioner, Alfredo Guadagno, and his seventeen year old son were present at these conferences, particularly the one which consumed about all day on March 6, 1929, and which culminated in the execution of the documents that same evening. Equally strong testimony convinces us that the petitioner, Alfredo Guadagno, was fully informed of all the facts by counsel during these conferences and that no fraud or deception was practiced upon him and that Alfredo Guadagno, when he executed these papers, was fully informed of their contents, understood the legal effect of the same and signed freely and voluntarily. We find no credible testimony that there was any conspiracy between counsel to withhold necessary information from him. There was an account stated between parties on March 6, 1929, of $15,100, some of which, secured by mortgage, was overdue. The petitioners were not in a position to pay what was overdue. Foreclosure proceedings would add to this indebtedness. The deed and agreement were devised by counsel to obviate the necessity of further expense. The evidence further shows that the petitioner, Alfredo Guadagno, after the execution of the trust agreement and deed, arranged for the sale of two parcels of the land conveyed to respondent and for the payment of the money received therefrom.

On March 6, 1930, the year expired within which, according to the terms of the trust agreement, the petitioners would have the right to demand a reconveyance of the property upon payment of the indebtedness to respondent. They made no tender of said amount within said year nor have they since March 6, 1930, and now, over three years after the limit has ex-

pired, they seek to re-open the whole matter.

The bill of complaint is denied and dismissed.

For complainant: Carl Testa.

For respondent: William H. McSoley.